**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| DAVID CHARLES GRUSCH )<br><br>          Plaintiff,          )<br><br>v.                                )<br>                                  )<br>                                  )<br>UNITED STATES DEPARTMENT OF )<br>DEFENSE.                          )<br>          Defendant.          )<br>                                  )<br>                                  )<br>_____) | Case No. _____<br><br>**COMPLAINT UNDER THE<br>FREEDOM OF INFORMATION<br>ACT FOR DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## INTRODUCTION

Plaintiff David Charles Grusch (hereinafter "Plaintiff"), submitted a Freedom of Information Act (hereinafter "FOIA") request to Defendant United States Department of Defense (hereinafter "Defendant" or "DoD") on September 30, 2024 for records that are highly relevant to the Plaintiff's ongoing whistleblower retaliation claims which are the subject of both urgent public concern and significant public interest. Defendant has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for declaratory, injunctive, and other appropriate relief under FOIA, 5 U.S.C. § 552.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a private citizen and resident of the state of Colorado. Plaintiff is a former high ranking intelligence officer of the United States, combat veteran of the United States Air Force, and former senior intelligence analyst for the National Reconnaissance Office and National Geospatial-Intelligence Agency.

1

2.      Defendant is an "agency" as defined by 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1), and is in possession, custody and/or control of the records sought by Plaintiff and is therefore the proper named party Defendant for this action.

3.      This Court has subject-matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4.      This Court has personal jurisdiction over this action, and venue is proper in the Eastern District of Virginia, pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), because the records sought, as described below, are situated within the district of this Court.

## STATEMENT OF FACTS

5.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein.

6.      This cause of action pursuant to the FOIA seeks the production of records kept by the United States Government, specifically the United States Department of Defense and/or a subsidiary or component agency of the DoD, of which are non-exempt and otherwise subject to production. Specifically, the information and/or production sought by this action is highly relevant to the Plaintiff's ongoing whistleblower retaliation claims which are the subject of both urgent public concern and significant public interest.

7.      Plaintiff is a decorated United States Air Force veteran.  Following his active-duty service with the Air Force, Plaintiff served as a high-ranking Intelligence Analyst within the Department of Defense, the National Reconnaissance Office, and the National Geospatial-Intelligence Agency.

8.      During his role as an intelligence officer, Plaintiff maintained a level of extraordinary trust and was privileged to hold some of the highest security clearance accesses

2

available in the United States Government.  His former duties included, but were not limited to, providing and coordinating intelligence assessments used in the President's Daily Briefing ("PDB").

9.      During his time in public service, Plaintiff discovered activity within the Executive Branch that became the subject of a PPD-19 Urgent Concern complaint to the Inspector General of the Intelligence Community ("IC IG") due to concerns of potential illegality, misappropriation of funds, and other unlawful conduct.

10.     As a consequence of the Inspector General complaint just described, Plaintiff suffered retaliation and administrative reprisal.

11.     Plaintiff ended his executive branch service on or about May 10th, 2023 but his administrative complaints with the Inspectors General continued thereafter.  Plaintiff's concerns were of such public significance that on July 26, 2023, Plaintiff testified under oath before the United States House of Representatives Committee on Oversight and Government Reform.

12.     Plaintiff was also asked, and did indeed provide, information relevant to his claims to closed sessions of the United States Senate Select Committee on Intelligence and the United States House of Representatives Permanent Select Committee on Intelligence, due to the significance and urgency of the matters related to his public testimony.

13.     Plaintiff's public testimony generated a global media response and was covered by national and international media outlets alike.

14.     Since his public testimony before the House of Representatives, Plaintiff was asked to, and did indeed provide, numerous high-visibility public media interviews and appearances, demonstrating the considerable public interest generated by his testimony.

3

15. Since his public testimony, Plaintiff was asked to return to public service, most recently by the legislative branch, specifically to serve as a staff member to work with the United States Congress on matters related to his prior testimony.

16. To date, Plaintiff has been actively prohibited from access to public information that is of significant relevance to his administrative reprisal claims, and that would otherwise provide both the public and Congress with additional corroboration of the sworn testimony he previously provided to the House of Representatives, all of which is demonstrably of significant public interest and at all times relevant hereto, properly defined as an "agency record" under the FOIA.

**COUNT I:**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**5 U.S.C § 552**
**(Failure to Respond Within the Time Required)**

17. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein.

18. On September 30, 2024, Plaintiff, through counsel, submitted a Freedom of Information Act request pursuant to 5 U.S.C. § 522 *et seq* to the Department of Defense. Because DoD requests that the public submit FOIA requests to the most specific component agency of DoD, Plaintiff's request was submitted to the Office of the Secretary of Defense and Joint Staff (hereinafter "OSD/JS"). The request was submitted electronically to the OSD/JS FOIA Requester Service Center.

19. Plaintiff's September 30, 2024 FOIA submission is attached hereto as "EXHIBIT 1" to the Complaint. The FOIA submission contained two specific, unambiguous requests for production.

20.     The first request stated: "Any documents, reports, correspondence, records of complaints, or any documents containing information related to, any 'unauthorized disclosure complaint' submitted to the office of the Senior Intelligence Oversight Official ("DOD SIOO"), including but not limited to, Mr. Mark Dupont, during the period of April 1, 2023 through December 31, 2023, related to any 'unauthorized disclosures' regarding Mr. David Charles Grusch."

21.     The second request stated: "Any documents, reports, correspondence, records of complaints, or any documents containing information related to, any 'unauthorized disclosure complaint' submitted to the office of the Senior Intelligence Oversight Official ("DOD SIOO"), including but not limited to, Mr. Mark Dupont, during the period of April 1, 2023 through December 31, 2023, related to any 'unauthorized disclosures' that also include the key terms 'unidentified aerial phenomenon', 'unidentified anomalous phenomenon',  and/or the acronyms 'UAP' or 'UFO.'"

22.     On October 3, 2024, the OSD/JS FOIA office confirmed receipt of Plaintiff's FOIA submission and assigned it FOIA case number 25-FP-0002.  A copy of that confirmation notice is attached hereto as "EXHIBIT 2" to the Complaint.

23.     Pursuant to 5 U.S.C. § 552(a)(7)(B)(ii), the OSD/JS and DoD, as an agency subject to the FOIA, "**shall** [provide Plaintiff with] an estimated date on which the agency will complete action on the request." (emphasis added).

24.     Since the DoD and OSD/JS confirmed receipt of the FOIA submission, Plaintiff, through counsel, requested estimated completion dates for production of the material.  The last such estimated completion date provided to Plaintiff by DoD was May 1, 2025. Since providing that estimated completion date, and after multiple subsequent attempts to obtain an updated

5

completion date, Plaintiff was provided nothing further by OSD/JS and/or DoD, effectively denying Plaintiff meaningful access to the FOIA's statutory mandate.

25.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DoD had 20 days to respond to the request described above.

26.    As of the time of the filing of this Complaint, over 504 days have passed since Plaintiff submitted his FOIA request.

27.    Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted his administrative remedies due to the failure of DoD and OSD/JS to comply with the applicable time limit provisions.

28.    With respect to the above-cited FOIA requests made by Plaintiff which are the subject of this action, and upon information and belief, at all times relevant hereto the physical office referenced in the request was located at 4800 Mark Center Drive, Alexandria, VA 22350-1700.

29.    Upon information and belief, the address just described contains the records subject to FOIA that form the basis of this Complaint.

## COUNT II:
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
## 5 U.S.C § 552
**(Failure to Conduct an Adequate Search)**

30.    Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31.    Defendant has violated its obligation under FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552 (a)(3)(C).

**COUNT III:**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**5 U.S.C § 552**
**(Wrongful Withholding of Records)**

32.    Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

33.    Defendant is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

34.    Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Plaintiff's FOIA request.

35.    Plaintiff has a legal right to obtain such records, and no legal basis exists for the Defendant's failure to disclose them.

36.    Defendant's failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

2.  Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552 (a)(6)(A)(i) and (B);

3.  Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § (a)(3)(c);

4.  Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552 (a)(3)(A);

7

5. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

6. Award Plaintiff all reasonable costs and attorney's fees as provided by 5 U.S.C. § 552(a)(4)(E)(i) and/or 28 U.S.C. § 2412(d);

7. Order costs of this action to be taxed against Defendant; and

8. Grant any such further relief as this Court deems necessary, just, and proper.


Dated: March 2, 2026

Respectfully submitted
**DAVID CHARLES GRUSCH**
By Counsel,


/s/ Basil M. Al-Qaneh
Anthony I. Shin, VSB# 85335
Basil M. Al-Qaneh, VSB#: 99933

Shin Law Office, PLC
118 Edwards Fairy Rd., N.E., Suite 110
Leesburg, Virginia 20176
Telephone: (571) 445-6565
Facsimile: (703) 442-8938
Email: shin@shinlawoffice.com
Email: basil@shinlawoffice.com
*Co-Counsel for the Plaintiff*

 /s/ Huntington M. Willis
Huntington M. Willis, NCSB # 46506

Martin & Jones, PLLC
4140 Parklake Avenue, Suite 400
Raleigh, North Carolina 27612
Telephone: (919) 821-0005
Facsimile: (919) 863-6086
Email:   hmw@m-j.com
*Co-Counsel for the Plaintiff*
***Pending Pro Hac Vice admission***