**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| DAVID CHARLES GRUSCH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendant. | No. 1:26-cv-607 (LMB/WEF) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Department of Defense, through its undersigned counsel, respectfully submitted this combined memorandum in opposition to Plaintiff's motion for summary judgment and reply in further support of its opposition.

## INTRODUCTION

Fourth Circuit binding precedent is clear that an agency's obligation under the Freedom of Information Act ("FOIA") is to conduct a search for records that is reasonably calculated to lead to responsive records. The factual record in this case is undisputed given Plaintiff's failure to abide by the Local Rules, and it is clear from that record that the search the Department of Defense ("DoD") conducted met the FOIA's requirements. Nothing more is required of it. Neither of Plaintiff's two arguments can change this fact.

First, Plaintiff contends that DoD failed to show how it even factored his request into account when building its search given that one of the record systems does not store information by personally identifiable information (*e.g.*, name). However, the record shows that the DoD's

search terms encompassed terms that included more than Plaintiff's name and were designed to account for the particulars of his request. Second, Plaintiff contends that DoD's release of responsive records reveals that it missed additional records that should have been disclosed, and as such, DoD's search is legally inadequate. That argument has been squarely rejected by the Fourth Circuit in *Rein v. United States Patent & Trademark Office*, 553 F.3d 353 (4th Cir. 2009). An agency is neither "required to look beyond the four corners" of a request when developing search terms, nor required "to chase rabbit trails that may appear in documents uncovered during" the search. *Id.* at 365. Thus, neither of Plaintiff's arguments disrupt the conclusion that DoD conducted a legally adequate search under the FOIA.

For these reasons, those below, and those in Defendant's Opening Brief, DoD respectfully requests that the Court grant its motion for summary judgment and deny Plaintiff's motion for summary judgment.

**DEFENDANT'S MATERIALS FACTS ARE NOT IN DISPUTE**

All of Defendant's proffered facts should be deemed admitted. Plaintiff failed to abide by Local Rule 56(B)'s requirements to provide a numerated list of facts that are undisputed for purposes of his motion. Dkt. 33-1 ("Opp.") at 2-5. Instead, he provides a narrative statement regarding his assertion of facts and the procedural history without regard to any of the facts that DoD provided in its statement of undisputed facts. This "makes it difficult to determine exactly which material facts are disputed." *Integrated Direct Mktg., LLC v. May*, 129 F. Supp. 3d 336, 345 (E.D. Va. 2015) (Brinkema, J.). This Court and other jurists in this district routinely have held the movant's facts cannot be adopted when he provides an "alternative, narrative statement of facts," as this practice "serves to undermine Local Rule 56(B) by frustrating the ability to determine which material facts are in dispute." *Nifong v. SOC, LLC*, 234 F. Supp. 3d 739, 744 (E.D. Va. 2017);

*Chatman v. Hegseth*, 2025 WL 2432722, at *2 (E.D. Va. Aug. 22, 2025) (Brinkema, J.); *Rodriguez v. Fanning*, 2016 WL 10586250, at *2 (E.D. Va. Nov. 22, 2016). Accordingly, given this failure, all of DoD's stated facts should admitted, and as such, no disputes of material fact preclude granting summary judgment to Defendant.

**<u>RESPONSE TO PLAINTIFF'S "FACTS"</u>**

In moving for summary judgment, Plaintiff was separately obligated to provide his statement of undisputed facts in a numerated list. As noted above, he did not do this. Much of Plaintiff's proposed facts is a recitation of his allegations—highlighting the background that led to his FOIA request, his FOIA, and the DoD's processing of that FOIA request. Opp. at 2-4. Of course, his allegations are not evidence. *See Chatman*, 2025 WL 2432722, at *2.

Apart from providing a narrative of his allegations, Plaintiff also provides a summary of the records that DoD released in connection with this request. Relevant here is the one record that DoD released in full (Dkt. 33-2 at 34) which is a letter from Mr. Mark D. Dupont to Congressman Tomithy Burchett that is dated November 1, 2023. Plaintiff suggests that the "contents of this letter reveal on its face an acknowledgement that additional responsive materials likely exist." Opp. at 5. Plaintiff is wrong. Nothing in this record identifies another *written* communication that was created. In fact, the letter expressly references "a brief *telephone* conversation." Dkt. 33-2 at 34 (emphasis added). Accordingly, Plaintiff's hedge that other records "*likely* exist" is just speculation on his part. Opp. at 5 (emphasis added). That speculation is not evidence. *See Hodgin v. UTC Fire & Sec. Americas Corp., Inc.*, 885 F.3d 243, 252 (4th Cir. 2018).

**<u>ARGUMENT</u>**

**A. The Undisputed Factual Record Confirms that DoD Discharged its FOIA Obligations By Conducting a Reasonably Calculated Search for Responsive Records**

The undisputed record reveals that DoD undertook a search that met the parameters of

Plaintiff's FOIA request. Though it was tasked to search a component that does ordinarily handle "unauthorized disclosure" complaints, DoD nevertheless searched its shared folder and two custodians for responsive records based on the search it developed by reference to Plaintiff's FOIA request. DEX 1, ¶¶ 10-12. That search returned 22 records (totaling 6,632 pages). The FOIA does not require anything further. It does not require "a perfect search," but only a "reasonable one." *Rein v. U.S. Pat. & Trademark Off.*, 553 F.3cd 353, 362 (4th Cir. 2009). That in turn, only requires a search "reasonably calculated to discovery responsive documents," *id.*, and the agency "is entitled to limit its search based on an appropriate internal analysis of locations where responsive documents are most likely to be located." *Boundy v. U.S. Pat. & Trademark Off.*, 2023 WL 2567350, at *5 (E.D. Va. Mar. 17, 2026).

**B. Plaintiff's Objections to DoD's Search Lack Merit**

Distilled to its essence, Plaintiff's argument is twofold: (1) DoD's search is inadequate because it failed to reference the specific inquiry or any search targeting the event described in the request, Opp. at 8; and (2) the search is defective because the released records reveal the potential existence of a responsive record, Opp. 6-7, 9-10. Neither argument is availing.

1. First, contrary to Plaintiff's argument, the DoD's searches were tailored to his FOIA requests. Though Plaintiff faults the DoD for conducting a search of a system "if the system has no names to search for," Opp. at 8, the answer is simple. DoD had other terms in its search that made *no* reference to Plaintiff's name: "unidentified aerial phenomenon", "unidentified anomalous phenomenon", "UAP", and "UFO." DEX 1 ¶ 10. Indeed, as DoD's supplemental declaration shows, DoD employed a search that used the key terms disjunctively. DEX 3, ¶ 8. To be sure, this meant that the search required more work to determine if the records did in fact pertain to the unauthorized disclosure complaint at issue in Plaintiff FOIA request. This does not mean, as Plaintiff suggests, that a search could not be performed as DoD indicated. Second, that the file

system does not organize or tie personal identifiable information does not mean that a search for an individual's name is fruitless. It may well be that a record merely references an individual's name even if the system does not "tie personal identifiable information . . . to reports." DEX 1 ¶ 10. In short, Plaintiff's argument does nothing to rebut the fact that DoD conducted a search within the component he asked to search and the custodian he asked to search. With no help from Plaintiff, and based on its judgment, DoD executed a search on its network shared folders "as that is where the specific DoD component stored its record and is the common practice for requests that seek records with no designated folder and no known file location" and also included an additional custodian who would have oversight over the particular subject at issue in the request. Dkt. 31 ("Br.") at 6-7.

2. Second, Plaintiff's claim that DoD's search is inadequate because it failed to conduct an additional search for records based on the contents of its released records misses the mark in several respects. Opp. at 6-7, 9-10. In fact, there are two threshold reasons why the argument fails. As an initial matter, it is far from "clear," Opp. at 7, the November 2023 letter (Dkt. 33-2 at 34) even references another record. The letter references details about a "a brief telephone conversation," which is *not* a written communication. Dkt. 33-2 at 34. Given that November 2023 letter follows four months after this telephone call, it is plausible to conceive that individuals performing due diligence for the November 2023 letter did not need to rely on any written record. Instead, they could have relied on their working memories of events. Separately, another threshold obstacle that stands in Plaintiff's way is the overbreadth of his initial FOIA request. Indeed, Plaintiff claims entitlement to these hypothetical records based on the language in his FOIA request seeking "any document containing information related to" the unauthorized disclosures complaint. Opp. at 7 (quoting FOIA request). But Courts have recognized that agencies

are not obliged to respond to FOIA requests that use similar "expansive phrasing" such as "any and all" or "referencing or regarding in any way" that are unbounded and "that do not allow the agency to determine precisely what records are being requested" because to do so would otherwise require an "unduly burdensome" search." *Am. Ctr. for L. & Just. v. U.S. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 85, 87 (D.D.C. 2021); *Shapiro v. CIA*, 170 F. Supp. 3d 147, 154 (D.D.C. 2016) ("FOIA requests seeking documents that 'relate to' certain subjects have faltered for the same reason."); *Freedom Watch v. CIA*, 895 F. Supp. 2d 221, 223, 229 (D.D.C.2012) (a request for records "that refer or relate to the following [topics] in any way" was "vague" and "extraordinarily broad"). That is why the DoD's imposition of limits on the search in the way that it did was reasonable in light face of Plaintiff's request. Plaintiff cannot compel DoD to conduct the kind of burdensome and limitless search it would like under the FOIA.

Apart from these threshold deficiencies, Plaintiff's argument runs contrary to binding Fourth Circuit precedent. Indeed, what Plaintiff advances is what the Fourth Circuit *rejected* in *Rein*. There, like here, the *Rein* requester faulted the government's search because "responsive documents refer to other documents that were not produced." 553 F.3d at 363. In rejecting this argument, *Rein* noted that there was no basis to conclude "that the Agencies were compelled to expand the search terms they used to discover the materials [requester] claim[s] should have been found." *Id.* at 363-64. The driving analysis, *Rein* re-iterated "is not whether the Agencies' search uncovered every potentially responsive document, but whether the search was reasonably calculated to discover responsive documents." *Id* at 364 (citation omitted). For that reason, *Rein* held that "[t]he Agencies' failure to produce certain specific documents does not, of itself, yield the conclusion that the search was inadequate." *Id.* And most importantly, the Fourth Circuit made plain: "The Agencies were not required to look beyond the four corners of [a requestor's] request

when formulating their search, nor were they required to chase rabbit trails that may appear in documents uncovered during their search." *Id.* at 365.

Plaintiff's argument cannot be reconciled with this binding precedent. Opp. at 9. The reason is understandable as he solely relies on D.C. Circuit precedent which is not binding on this Court and does not cite *Rein*. *See* Opp. at 9. Under Fourth Circuit law, however, an agency's search is not judged by the fruits of the search. *See Rein*, 553 F.3d at 364; *Empower Oversight Whistleblowers & Rsch. v. Nat'l Insts. of Health*, 122 F.4th 92, 102 (4th Cir. 2024). Accordingly, there was no basis for DoD to continue pursuing a second search based on what it released to Plaintiff. *See Cochran v. Dep't of Homeland Sec.*, 2019 WL 1129437, at *8 (D. Md. Mar. 11, 2019) ("Mere reference to other files does not establish the existence of documents that are relevant to appellant's FOIA request. If that were the case, an agency responding to FOIA requests might be forced to examine virtually every document in its files, following an interminable trail of cross-referenced documents like a chain letter winding its way through the mail. FOIA clearly does not impose this burden upon federal agencies." (cleaned up) (quoting *Morley v. CIA*, 508 F.3d 1108-1121 (D.C. Cir. 2007))). Accordingly, given the above, it is clear that DoD crafted and executed a search that was reasonably calculated to lead to responsive records. The FOIA did not require it to do anything further.

* * *

Plain from Plaintiff's arguments is that he has discovered his own additional leads in the documents that *he* wishes to explore. The means to pursue those leads is not to force the agency to work within the confines of the Plaintiff's original request. Instead, as the Fourth Circuit has instructed, the proper course is for the requestor (*i.e.*, Plaintiff) to "pursue those leads through a second FOIA request specifying" additional parameters for the search. *Rein*, 553 F.3d at 365

(citing *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996)).

## CONCLUSION

For all the foregoing reasons and those raised in Defendant's Opening Brief, the DoD discharged its FOIA obligations. Accordingly, DoD's motion for summary judgment should be granted, Plaintiff's motion for summary judgment should be denied, and judgment should be entered in DoD's favor.

Dated: October 30, 2026

Respectfully submitted,

TODD W. BLANCHE
Attorney General

THEOPHANI K. STAMOS
First Assistant United States Attorney

*By*: /s/
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3741
Fax: (703) 299-3982
Email: matthew.mezger@usdoj.gov

*Counsel for Defendant*